UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNATHAN HAWTHORNE** | **CIVIL ACTION NO. 18-750-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **DEANDRE BELL** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Johnathan Hawthorne, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in this court on June 5, 2018. Plaintiff is incarcerated in the Bayou Dorcheat Correctional Center in Minden, Louisiana. He names Detective DeAndre Bell as defendant.

On January 2, 2017, Plaintiff voluntarily submitted to an epithelial cell collection at the Shreveport Police Department. On April 13, 2018, Officer Bell received a certified report from the North Louisiana Crime Lab which excluded Plaintiff's DNA as the DNA found in a rape kit [Doc. 9, pp. 1 and 2].

Plaintiff claims Detective Bell violated his constitutional rights. He claims that on January 3, 2017, he was arrested and charged with one count of first degree rape, one count of kidnapping, and one count of felon in possession of a firearm. He claims that on January

3, 2017, he and Cordero James were arrested by Sex Crimes Detectives after their vehicle was searched due to a strong marijuana odor. He claims that during the search, the detectives never found a firearm or marijuana. He claims the detectives searched him and did not find a firearm or marijuana.

Plaintiff claims that on January 3, 2017, Detective Bell asked him if he wanted to make a statement. He claims he told Detective Bell that he did not want to make a statement because he was under the influence of marijuana. He claims Detective Bell then told him that if he made another statement, he would help him out of the situation and have him home soon.

Plaintiff claims Detective Bell did not keep his promise and changed his statement to state that he had sex with a known prostitute a second time after a handgun was pulled. He claims the audio recording of his statement will prove that he did not have sex with the prostitute a second time. He claims that he stated that he was unable to physically have sexual intercourse with her. Plaintiff claims Detective Bell also changed his statement made on January 2, 2017 regarding the prostitute setting a fire in his residence. He claims Detective Bell changed his statement to the prostitute attempted to set a fire in his residence. He claims Detective Bell also changed the statement of the prostitute to state he had a gun.

Plaintiff claims Detective Bell changed the statements in the discovery because he knew that the case was going before the grand jury on the charge of second degree kidnapping. He claims he did not kidnap anyone and did not hold anyone against her will.

Plaintiff claims the victim was not charged with attempted arson, arson or prostitution. He claims the victim admitted that she was a prostitute and that she was there to perform sexual favors for money.

Plaintiff claims that on December 19, 2019, he pleaded guilty to one count of armed robbery and all other charges were dismissed. He claims he was sentenced to ten years imprisonment.

Accordingly, Plaintiff seeks his charges dismissed, monetary compensation, protection of his constitutional rights, declaratory relief, Detective Bell suspended without pay, criminal charges against Detective Bell, and a fair trial.

## LAW AND ANALYSIS

**Prescription – False Arrest/Imprisonment**

Plaintiff alleges that he was arrested on January 3, 2017. He claims he was charged with possession of a firearm by a convicted felon, first degree rape, and second degree kidnapping.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In Gates v. Spinks, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." Gates, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. See La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." Watts v. Graves, 720 F.2d 1416, 1417 (5th Cir. 1983). Such an action accrues when the claimant becomes held pursuant to legal process. See Wallace v. Kato, 549 U.S. 384, 389 (2007).

Plaintiff states that he was arrested on January 3, 2017. It is unclear whether plaintiff was arrested pursuant to a warrant. Under Louisiana law, if a person is arrested pursuant to a warrant, the determination of probable cause and the subsequent detention of the arrestee is made at the time that the warrant is issued. See La. C.Cr.P. art. 202. Persons arrested without a warrant are entitled to a probable cause determination by a Magistrate within 48 hours of their arrest and the failure to afford such a determination results in the immediate release of the arrestee. La. C.Cr.P. art. 230.2.

Presumably, and in the absence of any allegations to the contrary, Plaintiff was either arrested on a warrant or otherwise afforded a probable cause determination within 48 hours of his arrest. Plaintiff's false arrest and imprisonment claims thus accrued on that date when the state court determined that there was probable cause to arrest and prosecute the plaintiff on charges of possession of a firearm by a convicted felon, first degree rape, and second degree kidnapping.

Plaintiff therefore had one year to file his civil rights complaint claiming false arrest/imprisonment in violation of his Fourth and Fourteenth Amendment rights. Plaintiff's complaint was filed on June 5, 2018. Plaintiff was arrested on January 3, 2017, with a probable cause determination made, at the latest, by January 6, 2017. Plaintiff's claim would have accrued on that date. Plaintiff had one year from that date within which to file his 1983 suit for false imprisonment. Plaintiff's claims regarding his arrest and criminal proceedings are prescribed.

Additionally, the dismissal of the other charges does not establish that a constitutional violation was committed. "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." Baker v. McCollan, 443 U.S. 137, 145, 99S.Ct. 2689 (1979) (citing Patterson v. New York, 432 U.S. 197, 208 (1977)).

Accordingly, Plaintiff's claims regarding his arrest and detention should be dismissed as frivolous.

**Dismissal of Charges**

A claim seeking the dismissal of charges is properly raised pursuant to 28 U.S.C. § 2241, not § 1983. Section 2241 applies to persons in custody awaiting trial who have not yet been convicted. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998).

Accordingly, Plaintiff's claims regarding the dismissal of charges should be dismissed for failure to state a claim upon which relief may be granted.

**Criminal Charges**

Plaintiff seeks criminal charges brought against Detective Bell. The decision whether to bring criminal charges rests solely with the prosecutor. The court does not institute criminal prosecutions. Plaintiff does not have a constitutional right to have anyone criminally prosecuted. See U.S. v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990); Jefferies v. Allen, 2009 WL 536051 (W.D.La.).

Accordingly, Plaintiff's claims regarding criminal charges are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma

pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 18th day of May, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge